UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. _____

LM INSURANCE CORPORATION, an Illinois corporation,

     Plaintiff,

v.

GARDEN MOTOR SPORTS, INC., a Florida corporation, and
STELLAR ENTERTAINMENT GROUP, INC., a Florida corporation
d/b/a GARDEN BROTHERS CIRCUS,

     Defendants.

_____/

## COMPLAINT

Plaintiff, LM INSURANCE CORPORATION, by and through undersigned counsel, sues Defendants GARDEN MOTOR SPORTS, INC. and STELLAR ENTERTAINMENT GROUP, INC. d/b/a GARDEN BROTHERS CIRCUS, and files this Complaint alleging as follows:

## I. INTRODUCTION

1.     This is an action for breach of contract arising from assigned risk retrospectively rated workers' compensation insurance policies issued by LM Insurance Corporation to Defendants. Under the Policies, premium was initially estimated and later subject to adjustment based on payroll, remuneration, classifications, subcontractor exposure, and other audit information. LM Insurance Corporation seeks damages for Defendants' failure to pay the additional premium that was billed and due under the Policies.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states, and the amount in controversy exceeds $75,000, and based upon the currently known billed premium, damages exceed $2.8 million exclusive of interest and costs.

3.      Plaintiff LM Insurance Corporation ("LMIC") is incorporated in the State of Illinois with its principal place of business in Boston, Massachusetts.

4.      Defendant Garden Motor Sports, Inc. ("Garden Motor Sports") is incorporated under the laws of the State of Florida, with its principal place of business in Sarasota, Florida.

5.      Defendant Stellar Entertainment Group, Inc. d/b/a Garden Brothers Circus ("Stellar Entertainment Group"), is incorporated in the State of Florida, with its principal place of business in Sarasota, Florida.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendants reside in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## II.  PARTIES AND JURISDICTION

7.      Plaintiff LMIC is a corporation engaged in the business of providing insurance services and products, including workers' compensation and general liability insurance policies.

8.      Defendant Garden Motor Sports is a corporation engaged in retail, sales and amusement park operations.

9.      Defendant Stellar Entertainment Group is a corporation engaged in carnival operations.

### III.  BACKGROUND

10.    Absent a statutory exemption, the states covered by the insurance policies at issue mandate that all employers purchase workers' compensation insurance.  By doing so, the employer's exposure to liability is transferred to an insurance company.  The insurance company's responsibility to an injured employee exists regardless of any misconduct or misinformation the employer provides to the insurance company.

11.    Some employers cannot secure workers' compensation insurance in the voluntary market.  As such, many states have a residual insurance market to ensure workers' compensation insurance coverage.

12.    The residual insurance market or "Assigned Risk Plans" are administered by the National Council on Compensation Insurance ("NCCI").

13.    The Assigned Risk Plans exist for those employers who cannot obtain workers' compensation insurance in the voluntary market because, for example, if: (1) no voluntary insurer covers the employer's type of business; (2) the employer has a poor claims history; or (3) the employer has a small number of employees.

14.    To apply for coverage under the Assigned Risk Plan, an employer must submit a written application to NCCI and pay an estimated premium deposit based primarily upon information known only by the employer at the time the employer seeks coverage.

15.    The standard application form, used in this case for insurance under the Assigned Risk Plan, must be completed by the employer and its agent.  The application requires: (a) disclosure of reasonable payroll estimates; (b) a statement that the employer will maintain a complete record of payroll transactions in such form as the insurance company may reasonably require, (c) such records will be available to the insurance company; (d) a statement that the

employer will comply with all reasonable recommendations of the insurance company relating to the welfare, health, and safety of employees; and, (e) payment of the appropriate deposit premium.

16.    Upon receipt of the application and payment of a premium deposit, NCCI issues a written insurance binder to the employer and randomly designates an insurance carrier to issue a workers' compensation insurance policy to the employer.  The designated insurance carrier does not conduct any independent underwriting analysis of the employer.

17.    Since the employer's actual premium must match the insured risk, the estimated premium stated on the application provided by the employer to the Assigned Risk Plan is subject to audit and revision by the insurance carrier.  Specifically, the determination of premium owed by the employer is subsequently determined after the insurer conducts its audits, including after policy expiration or cancellation.

### IV.  INSURANCE POLICY AND AUDITS

18.    During the period relevant to this case, LMIC was a servicing carrier authorized to issue workers' compensation insurance policies and to provide insurance services to employers through the Assigned Risk Plans.

19.    NCCI received an application for workers' compensation insurance from Garden Motor Sports, Inc. **See Exhibit A**.

20.    NCCI received an application for workers' compensation insurance from Stellar Entertainment Group, Inc. d/b/a Garden Brothers Circus.  **See Exhibit B.**

21.    NCCI assigned the insurance coverage for the Defendants to LMIC.

22.    Copies of the relevant workers' compensation Policies issued by LMIC are attached as **Exhibits C, D, and E** with policy numbers:

| WC5-33S-B20V3X-011 | July 29, 2021 to July 29, 2022 | Garden Motor Sports, Inc. | "Garden 011 Policy" |
|---|---|---|---|
| | | | |
| WC5-33S-B1Z3P1-011 | January 31, 2021 to January 31, 2022 | Stellar Entertainment Group, Inc. d/b/a Garden Brothers Circus | "Stellar 011 Policy" |
| | | | |
| WC5-33S-B1Z3P1-012 | January 31, 2022 to January 31, 2023 | Stellar Entertainment Group, Inc. d/b/a Garden Brothers Circus | "Stellar 012 Policy" |

23. The Policies required Defendants to pay premiums based on their payroll and other relevant data and obligated the Defendants to allow LMIC to examine and audit all of Defendants' records that relate to the Policy to determine the premium during the three years following the policy termination or expiration.

24. Section D, Part Five of the Policies – Premium Payments, including the Premium Due Date Endorsement, states "You will pay all premiums when due.  You will pay the premium even if part or all of the workers' compensation law is not valid.  The due date for audit and retrospective premiums is the date of billing."

25. Defendants materially breached the Policies by failing to allow LMIC to examine all of its books and records.

26. Defendants materially breached the Policies by failing to pay billed premiums when due.

27. Pursuant to the Garden Motor Sports 011 Policy, LMIC determined that additional premium was due, billed Garden Motor Sports for such premium, and Defendant failed to pay the premium when due.

28. There remains due and owing under the Garden 011 Policy the principal sum of

$1,368,541.00.

29.    Pursuant to the Stellar Entertainment 011 Policy, LMIC determined that additional premium was due, billed Stellar Entertainment for such premium, and Defendant failed to pay the premium when due.

30.    There remains due and owing under the Stellar Entertainment 011 Policy the principal sum of $413,493.00.

31.    Pursuant to the Stellar Entertainment 012 Policy, LMIC determined that additional premium was due, billed Stellar Entertainment for such premium, and Defendant failed to pay the premium when due.

32.    There remains due and owing under the Stellar Entertainment 012 Policy the principal sum of $1,058,578.00.

33.    Defendants have refused to pay the known amounts due and owing under the Policies.

34.    Defendants did not fully cooperate with LMIC's audit and premium verification efforts.

35.    To determine whether any additional premium is due, LMIC will seek records from Defendants and records from others, including Defendants' customers, contractors, insurance agents, and accountants/bookkeepers, to support the calculation of the premium due to LMIC. The calculation of any additional premium due will be completed using standard industry practices for completing a workers' compensation premium audit.

36.    The Policies provide that the final premium will be determined after the policy ends: "The final premium will be determined after this policy ends by using the actual, not the estimated, premium basis and the proper classification and rates that lawfully apply to the

business and work covered by this policy.  If the final premium is more than the premium you paid to us, you must pay us the balance." (Exhibits C, D & E, Part Five, ¶E).

37.    Defendant's failure to provide complete records does not eliminate LMIC's contractual right to determine and bill premium due under the Policies. Rather, LMIC determined the currently known premium based on information available to it.  (Exhibits C, D & E, Part Five, ¶E).

38.    Under Part Five, Section D of the Policies, Defendants were required to pay the audit premium when billed.

## COUNT I – BREACH OF CONTRACT AGAINST GARDEN MOTOR SPORTS, INC.

39.    Plaintiff re-alleges and incorporates herein paragraphs 1 through 34 above as if fully set forth herein.

40.    LMIC issued insurance policies to Garden Motor Sports.

41.    The Garden 011 Policy issued to Garden Motor Sports is valid and enforceable.

42.    LMIC fully performed its obligations under the Policy.

43.    Under the Policy, Defendant was required to pay all premiums when due, including additional premium determined through audit, re-audit, or otherwise billed pursuant to the Policies.

44.    Garden Motor Sports breached the Policy by failing to pay billed premium when due.

45.    Based upon information obtained through its investigation and audit efforts, LMIC determined, using standards for audits generally accepted in the workers' compensation insurance industry, that additional premium is due.

46.    Plaintiff billed Defendant for the currently known additional premium.

47.   Defendant failed to pay the additional premium after it became due under the Policy.

48.   As a direct and proximate result of Defendant's breach, LMIC has sustained damages of at least $1,368,541.00, plus any additional premium determined to be due under the Policies, prejudgment interest, costs, and such other relief as the Court deems just and proper.

WHEREFORE, Plaintiff LM INSURANCE CORPORATION requests this Honorable Court enter judgment in its favor against Defendant GARDEN MOTOR SPORTS, INC. for damages for breach of contract in an amount of at least **$1,368,541.00,** together with any additional damages established through discovery or otherwise proved at summary judgment or trial, prejudgment interest, taxable costs, and such other and further relief as the Court deems just and proper.

**COUNT II – BREACH OF CONTRACT AGAINST
STELLAR ENTERTAINMENT GROUP, INC.
D/B/A GARDEN BROTHERS CIRCUS**

49.   Plaintiff re-alleges and incorporates herein paragraphs 1 through 34 above as if fully set forth herein.

50.   LMIC issued insurance policies to Stellar Entertainment Group, Inc. d/b/a Garden Brothers Circus.

51.   The Stellar 011 and 012 Policies issued to Stellar Entertainment Group are valid and enforceable.

52.   LMIC fully performed its obligations under the Policies.

53.   Under the Policies, Defendant was required to pay all premiums when due, including additional premium determined through audit, re-audit, or otherwise billed pursuant to the Policies.

54.     Stellar Entertainment Group breached the Policies by failing to pay premium when due.

55.     Based upon information obtained through its investigation and audit efforts, LMIC determined, using standards for audits generally accepted in the workers' compensation insurance industry, that additional premium is due.

56.     Plaintiff billed Defendant for the currently known additional premium.

57.     Defendant failed to pay the additional premium after it became due under the Policies.

58.     As a direct and proximate result of Defendant's breach, LMIC has sustained damages of at least **$1,472,071.00** ($1,058,578.00 + $413,493.00) plus any additional premium determined to be due under the Policies, prejudgment interest, costs, and such other relief as the Court deems just and proper.

WHEREFORE, Plaintiff LM INSURANCE CORPORATION requests this Honorable Court enter judgment in its favor against Defendant STELLAR ENTERTAINMENT GROUP, INC. D/B/A GARDEN BROTHERS CIRCUS for damages for breach of contract in an amount of at least **$1,472,071.00,** together with any additional damages established through discovery or otherwise proved at summary judgment or trial, prejudgment interest, taxable costs, and such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Dated:  August 11, 2026          Respectfully submitted,

/s/ **Catherine A. Cullen**
Catherine A. Cullen, Esq. (Fla. Bar No. 1017783)
Mark A. Cullen, Esq.  (Fla. Bar No. 325082)
Attorney E-mail:  mailbox@cullenlawfirm.net
THE CULLEN LAW FIRM, P.A.
500 S. Australian Avenue, Suite 600
West Palm Beach, FL  33401
Telephone:  561.640.9191


*Attorneys for Plaintiff*